J. S10040/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                :            PENNSYLVANIA
                  v.                   :
                                :
LEANNE MICHELLE APPLEGATE,     :         No. 1970 MDA 2018

               Appellant       :

Appeal from the Judgment of Sentence Entered September 24, 2018,
in the Court of Common Pleas of Lycoming County
Criminal Division at No. CP-41-CR-0001106-2016

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 08, 2020**

Leanne Michelle Applegate appeals from the September 24, 2018

judgment of sentence entered in the Court of Common Pleas of Lycoming

County after she was convicted in a non-jury trial of one count of persons not

to possess a firearm.[1]  The trial court imposed a sentence of 11-23 months'

imprisonment, to be followed by three years' probation.  After careful review,

we affirm the judgment of sentence.

The trial court provided the following factual history:

> During the night on March 24, 2016, [appellant] was
> at her residence and her six children were asleep
> inside.  [Appellant's] husband had been out drinking
> with his friend, Justin Hill, and Hill's fiancé,
> Amanda McEwen.  Mr. Hill drove [appellant's]
> husband home from the bar in the husband's truck,
> while Ms. McEwen drove a van to the residence so that

---

[1] 18 Pa.C.S.A. § 6105(a).

Mr. Hill and Ms. McEwen could drive home. Mr. Hill parked the truck in the driveway away from the residence, and Ms. McEwen parked the van in the driveway near the residence behind [appellant's] vehicle. Mr. Hill and [appellant's] husband sat in the truck talking. Ms. McEwen beeped the horn of the van, but they continued to sit in the truck and talk. Ms. McEwen began to cross [appellant's] yard toward the truck. [Appellant] heard the horn beeping and exited her residence. Due to a previous altercation between Ms. McEwen and [appellant, appellant] told Ms. McEwen to get off the property and an argument ensued. [Appellant] returned inside the residence. Ms. McEwen proceeded to the truck, spoke to the men, and then walked back across the yard to the passenger seat of the van. The men walked to the van and continued their conversation with Mr. Hill in the driver's seat and [appellant's] husband standing at or near the driver's door. [Appellant] exited the residence with a handgun in her hand. She yelled at Ms. McEwen and waved the handgun at her. Ms. McEwen exited the van and yelled back. When [Appellant] turned around to return to her house, Ms. McEwen followed her and pushed her in the back. At that point, [appellant's] husband escorted [appellant] back to the house and Ms. McEwen and Mr. Hill left in the van. The next morning Ms. McEwen called the police.

On May 5, 2016, the Pennsylvania State Police filed a criminal complaint against [appellant], charging her with persons not to possess a firearm and recklessly endangering another person [("REAP")].

Trial was scheduled for June 14-15, 2018. On May 30, 2018, the Commonwealth filed a motion in limine to preclude [appellant] from making any reference to self-defense or justification, as the facts that would be presented at trial would not be sufficient to establish that defense or to warrant a jury instruction regarding that defense. The [trial] court held an argument on June 5, 2018 on the Commonwealth's motion. In a decision dated June 7, 2018 and filed on June 8, 2018, the [trial] court granted the Commonwealth's motion

and precluded [appellant] from presenting any claim of self-defense or justification. On June 11, 2018, [appellant] filed a motion for reconsideration. Due to the impending trial, the [trial] court held an argument later that same day and denied [appellant's] motion.

On June 12, 2018, [appellant] waived her right to a jury trial, and the parties agreed to proceed immediately to a non-jury, case-stated trial. The [trial] court found [appellant] guilty of persons not to possess a firearm, but not guilty of [REAP]. In the verdict, the [trial] court indicated that it would permit [appellant] to present the evidence she proffered in support of her self-defense or justification claim as potential mitigating evidence at sentencing.

On September 24, 2018, the [trial] court sentenced [appellant] to incarceration in the Lycoming County Prison for a minimum of 11 months and a maximum of 23 months to be followed by three years of probation under the supervision of the Lycoming County Probation Office. . . .

On October 1, 2018, the Commonwealth filed a motion for reconsideration of sentence. Following a hearing on November 2, 2018, the court denied the Commonwealth's motion.

Trial court opinion, 6/5/19 at 1-3.

The Commonwealth filed a timely notice of appeal on November 27, 2018.[2] On December 4, 2018, appellant filed a notice of cross-appeal. On January 7, 2019, the trial court ordered appellant to file a concise statement

---

[2] On June 18, 2020, the Commonwealth filed with this court a motion to withdraw its appeal of the discretionary aspect of appellant's sentence filed at No. 1947 MDA 2018. An order granting the Commonwealth's motion was filed on June 24, 2020.

of errors complained of on appeal and she timely complied. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on June 5, 2019.

Appellant raises the following issue for our review:

> Whether the trial court abused its discretion in that it denied [a]pellant the right to present the self-defense/justification evidence at trial wherein [a]ppellant presented "some evidence, from whatever source, to justify a finding of self-defense"[?]

Appellant's brief at 1-2. The Commonwealth did not file a brief in response to appellant's appeal.

In her sole issue on appeal, appellant contends that the trial court abused its discretion when it granted the Commonwealth's motion *in limine* to preclude appellant from presenting evidence of self-defense. (*Id.* at 3.)

> [A] motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to trial, which is similar to a ruling on a motion to suppress evidence, [therefore] our standard of review . . . is the same as that of a motion to suppress. The admission of evidence is committed to the sound discretion of the trial court, and our review is for an abuse of discretion.

*Commonwealth v. Valcarel*, 94 A.3d 397, 398 (Pa.Super. 2014), quoting *Commonwealth v. Rosen*, 42 A.3d 988, 993 (Pa. 2012) (internal citations and quotation marks omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Santos*, 176 A.3d 877, 882 (Pa.Super. 2017), *appeal*

J. S10040/20

***denied***, 189 A.3d 986 (Pa. 2018), quoting ***Commonwealth v. Antidormi***, 84 A.3d 736, 749-750 (Pa.Super. 2014), ***appeal denied***, 95 A.3d 275 (Pa. 2014) (citations omitted).

> Before the issue of self-defense may be submitted to a jury for consideration, a valid claim of self-defense must be made out as a matter of law, and this determination must be made by the trial judge. Such claim may consist of evidence from whatever source. Such evidence may be adduced by the defendant as part of [her] case, or conceivably, may be found in the Commonwealth's own case in chief or be elicited through cross-examination. However, such evidence from whatever source must speak to three specific elements for a claim of self-defense to be placed in issue for a jury's consideration.
>
> Thus, as provided by statute and as interpreted through our case law, to establish the defense of self-defense it must be shown that[:] a) the [defendant] was free from fault in provoking or continuing the difficulty which resulted in the [offense]; b) that the [defendant] must have reasonably believed that [s]he was in imminent danger of death or great bodily harm, and that there was a necessity to use such force in order to save [her]self therefrom; and c) the [defendant] did not violate any duty to retreat or to avoid the danger.
>
> If there is any evidence from whatever source that will support these three elements then the decision as to whether the claim is a valid one is left to the jury and the jury must be charged properly thereon by the trial court.

***Commonwealth v. Hornberger***, 74 A.3d 279, 284-285 (Pa.Super. 2013), quoting ***Commonwealth v. Hansley***, 24 A.3d 410, 420-421 (Pa.Super. 2011), ***appeal denied***, 32 A.3d 1275 (Pa. 2011) (emphasis and some bracketed material omitted).

- 5 -

Self-defense—particularly self-defense under what's known as the "castle doctrine,"[3]—is governed in part by Section 505 of the Crimes Code. Section 505 provides that the use of force toward another person is justifiable "when the actor believes that such force is immediately necessary for the purpose of protecting [her]self against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a). Section 505, however, provides limits to the justification. Indeed, an actor who is in illegal possession of a firearm has a duty to retreat if she "knows that [s]he can avoid the necessity of using such force with complete safety by retreating[.]" 18 Pa.C.S.A. § 505(b)(2)(ii), (b)(2.3). This court has further held that "picking up [a] firearm while not in imminent danger . . . [is] not justifiable under Chapter 5 of the Crimes Code." *Commonwealth v. Cannavo*, 199 A.3d 1282, 1290 (Pa.Super. 2018), *appeal denied*, 217 A.3d 180 (Pa. 2019).

Here, as noted by the trial court, appellant has not established that she was ever in imminent danger. Indeed, the trial court concluded that:

> . . . [Appellant] could have remained inside her residence instead of going outside and confronting Ms. McEwen. She could have locked her doors and kept a watchful eye on the door leading upstairs from the basement door which allegedly was broken and could not be locked. Despite the fact that it would take some period of time for them to arrive, [appellant] could have called the police or told

---

[3] Our supreme court defines "castle doctrine" as "a specialized component of self-defense, which recognizes that a person has no duty to retreat from his or her home before using deadly force as a means of self-defense." *Commonwealth v. Childs*, 142 A.3d 823, 824 n.1 (Pa. 2016) (citations omitted).

> Ms. McEwen that she would call the police and have her arrested if she did not leave the property. [appellant] also could have armed herself with any weapon other than a firearm, such as a knife or baseball bat.
>
> . . . . It is undisputed that Ms. McEwen never attempted to enter [appellant's] residence and [Ms. McEwen] was not in visible possession of a firearm or any other weapon capable of lethal use. . . .
>
> . . . .
>
> . . . [Appellant] was not in imminent danger from [Ms. McEwen]. Ms. McEwen was unarmed and never even approached the door to [Appellant's] residence. She merely crossed the yard to try to retrieve her fiancé so that they could leave the property.

Trial court opinion, 6/5/19 at 8-9, 11.

Based on our review of the certified record before us, we can discern no abuse of discretion on the part of the trial court. Accordingly, appellant's issue is without merit.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/08/2020